USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-12-2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

UNIVERSITAS EDUCATION LLC,

        Plaintiff,

-v-

NOVA GROUP, INC., as trustee, sponsor and fiduciary of THE CHARTER OAK TRUST WELFARE BENEFIT PLAN,

        Judgment Debtor.

----------------------------------------------------------x

No. 11CV1590-LTS-HBP and
11CV8726-LTS-HBP

## ORDER

For the reasons stated below and on the record at the Order to Show Cause hearing held on November 10, 2015 (the "Hearing"), and pursuant to Fed. R. Civ. P. 69(a)(1) and N.Y. C.P.L.R. § 5240, it is hereby ORDERED that:

1. The restraining notice served by Universitas Education LLC ("Universitas") on Penn Mutual Life Insurance Company ("Penn Mutual") on or about August 27, 2014 (see docket entry no. 543), and extended by order entered August 26, 2015 (docket entry no. 563) is hereby AMENDED, effective immediately, so that the directive paragraph on page two thereof reads in its entirety as follows:

    PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York City Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any transfers of or disbursements from policies titled to any Judgment Debtor or any entity that has been found by a court to be an alter ego of any Judgment Debtor, and you are hereby forbidden to make, permit or suffer any disbursements from any policies to any Judgment Debtor or any entity that has been found by a court to be an alter ego of any Judgment Debtor, including any such disbursements made to an intermediary or agent for the stated benefit of any Judgment Debtor or any entity that has been found by a court to be an alter ego of any Judgment Debtor, except as provided in Section 5222.

2. The above referenced restraining notice, as so amended, is hereby EXTENDED through **November 30, 2016**, without prejudice to applications for further extensions.

3. The request by Universitas to extend the scope of the modified Penn Mutual restraining notice to additional entities allegedly related to Judgment Debtor Carpenter is DENIED. CPLR 5222(b) provides that a restraining notice "may be served on either the judgment debtor himself or . . . upon a third-party 'garnishee' - a person who owes a debt to the judgment debtor or who is in possession of property in which the judgment debtor has an interest." Briarpatch Ltd., L.P. v. Briarpatch Film Corp., 89 A.D. 3d 425, 426 (N.Y. App. Div. 2011) (internal quotation marks and citation omitted). The "judgment debtors' 'interest' in property must be understood to mean a direct interest in the property itself which, while it may require a court determination, is leviable and not an indirect interest in the proceeds of the property . . . ." JSC Foreign Economic Ass'n Technostroyexport, 295 F. Supp. 2d 366, 391-92 (S.D.N.Y. 2003). Assets of third parties may not be restrained in anticipation of a finding that those third parties are alter egos or hold assets of alleged alter egos of the judgment debtor. Id. at 391-92. Accordingly, the burden is on Universitas to establish that any entity that is not a Judgment Debtor should be treated as an alter ego of one or more Judgment Debtors, and until Universitas has obtained a determination establishing alter ego status (as it has with respect to certain entities), CPLR 5222(b) does not authorize the restraint of assets of such non-Judgment Debtor entities. Universitas also argues that the Court should draw an adverse inference from Judgment Debtor Daniel Carpenter's refusal to answer discovery questions regarding his ownership of some of the entities at issue. Even if the Court were to agree with Universitas' legal argument with respect to drawing the negative inference, merely inferring that Carpenter owns an interest in the entities does not establish that he has a direct ownership interest in the property of those entities, as would be required to subject such assets to restraint under CPLR 5222(b).

4. The restraining notice served by Universitas on or about August 27, 2014, on Curaleaf LLC ("Curaleaf") is hereby VACATED. As explained at the Hearing, the order obtained by Universitas from a district court in Connecticut, charging the membership interest of Judgment Debtor Carpenter Financial Group ("CFG") in, inter alia, Grist Mill Partners, LLC, with the unsatisfied judgment entered in Universitas' favor, entitles Universitas only to any profits or distributions CFG would have been entitled to receive by virtue of the membership interest. See Konver Constr. Corp. v. Silberstein, 2015 WL 3554735 (Conn. Super. Ct. May 16, 2015). The charging order does not transform the property interest Grist Mill Partners, LLC may have in receivables from Curaleaf into a property interest of CFG. Thus, since Universitas has failed to demonstrate that any Judgment Debtor has a direct property interest in receivables from Curaleaf, the restraining notice as to Curaleaf will not be extended further and is VACATED as of today's date. The Court declines to opine, as requested by Curaleaf at the Hearing, as to whether Curaleaf's withholding to date of rent payments to Grist Mill Partners, LLC, in light of the restraining notice served by Universitas was reasonable or required.

5. The remaining restraining notices that have been served by Universitas, as enumerated in docket entry numbers 563 and 579 and not otherwise addressed by this Order, having not been objected to, are hereby EXTENDED to **November 30, 2016**, without prejudice to applications for additional extensions.

SO ORDERED.

Dated: New York, New York
November 1**2**, 2015

LAURA TAYLOR SWAIN
United States District Judge