# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,<br><br>Petitioner,<br><br>v.<br><br>NOVA GROUP, INC, as trustee, sponsor, and fiduciary of THE CHARTER OAK TRUST WELFARE BENEFIT PLAN, et al.<br><br>Respondent. | No.: 1:11-cv-1590-LTS-HBP<br><br>Hon. Laura Taylor Swain |
| NOVA GROUP, INC, as trustee, sponsor, and fiduciary of THE CHARTER OAK TRUST WELFARE BENEFIT PLAN, et al.<br><br>Petitioner,<br><br>v.<br><br>UNIVERSITAS EDUCATION, LLC,<br><br>Respondent. | No.: 1:11-cv-8726-LTS-HBP |

**DECLARATION OF DANIEL CARPENTER IN SUPPORT OF
RESPONDENT GRIST MILL CAPITAL, LLC'S MOTION
<u>UNDER RULE 60(b) FOR RELIEF FROM JUDGMENTS</u>**

I, Daniel Carpenter, hereby declare under 28 U.S.C. § 1746 under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. Grist Mill Capital, LLC ("GMC") is a Connecticut-based limited liability company organized under the laws of the State of Delaware.

2. Two entities own 100% of the membership interest in GMC: (i) Caroline Financial Group, Inc. ("Caroline"); and (ii) Grist Mill Holdings LLC.

3. Caroline is a Delaware corporation with its principal place of business in Connecticut. Caroline and five charitable trusts hold 100% of the membership interest in Grist Mill Holdings LLC. The trustee of each of those trusts is a Connecticut domiciliary.

4. GMC loaned funds to the Charter Oak Trust Welfare Benefit Plan ("Charter Oak"), which Charter Oak used to pay the premiums on life insurance policies it held. In return, GMC was the primary beneficiary of the death proceeds from the insurance policies issued to the Charter Oak and was to receive the payback of the premiums that it had advanced to Charter Oak.

5. In 2008, Sash Spencer, the founder and chair of Holding Capital Group, a private investment firm, died.

6. Charter Oak owned two life insurance policies on the life of Mr. Spencer and received the death proceeds after his passing only after Charter Oak had sued the insurer.

7. Universitas Education, LLC ("Universitas") approached Nova Group, Inc. ("Nova")—Charter Oak's sponsor and trustee—in July 2008 claiming entitlement to the proceeds from Mr. Spencer's life insurance policies. Nova refused to remit the proceeds to Universitas, prompting Universitas to bring an arbitration against Nova. In its arbitration, Universitas originally named GMC as a party but dismissed GMC before the arbitration began.

-3-

8. GMC, therefore, did not participate in the arbitration and the resulting arbitral award did not name GMC as a party.

9. Universitas sought post-judgment, non-party discovery from GMC as an affiliate of Nova and served GMC with a restraining notice.

10. Universitas did not serve GMC with any form of formal process to establish this Court's jurisdiction over GMC.

11. I only learned that GMC had failed to appear when I returned home from prison.

Executed on January 5, 2021 at Simsbury, CT.

/s/ Daniel E. Carpenter
Daniel E. Carpenter