# EXHIBIT EIGHT

**Sharon Siebert Affidavit**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>Plaintiff,<br><br>v.<br><br>JACK E. ROBINSON, III a/k/a JACK E. ROBINSON,<br><br>Defendant. | Civil Action No.<br>1:15-CV-11848 (DPW) |

## **AFFIDAVIT OF SHARON E. SIEBERT**

SHARON E. SIEBERT, under penalty of perjury, declares and says as follows:

1. My name is Sharon E. Siebert, and I am a founder and member of Universitas Education, LLC ("Universitas"). I have personal knowledge of the facts set forth herein.

2. Universitas is a Delaware limited liability company, with its headquarters at 404 East 55th Street, Apartment 13A, New York, New York 10022.

3. Universitas was previously the research and development arm of the now-defunct Destination Foundation Universitas ("Destination Universitas").

4. Destination Universitas was a charitable foundation based in New York. Destination Universitas had its charitable designation administratively revoked because Universitas was unable to continue to fund it. Universitas's hardships were a direct result of the costly litigation efforts to enforce Universitas' judgment against the Charter Oak Trust and Nova Group.

5. Universitas aims to develop and provide programs for leaders and educators around the world to support global philanthropic and humanitarian efforts.

6. Universitas is operated by myself and my colleague, Donna Vassar.

7. Ms. Vassar and I are Universitas' only members.

8. In 2007, Universitas had negotiated for, and had prepared a letter of intent for the purchase of land for the development of a sanctuary on 69.59 acres in Lake Las Vegas, Nevada, for global leaders to gather and recharge during multi-day retreats.

9. Universitas had discussed the purchase of the Lake Las Vegas property, solicited and selected a design proposal, completed a strategic development plan, and was in the process of finalizing proposals.

10. One contributor to the project was Mr. Sash Spencer. Mr. Spencer chaired a private investment firm and was a financial partner to Universitas and Destination Universitas. Mr. Spencer died unexpectedly in June 2008. Prior to his death, he named Universitas the sole irrevocable beneficiary of two life insurance policies worth $30,000,000.

11. Universitas has still not obtained the life insurance proceeds that Mr. Spencer endowed it.

12. I received and reviewed the correspondence from Jack E. Robinson, Wayne Bursey, and others sent on behalf of the Charter Oak Trust ("COT") and its affiliates. I discussed these communications with Universitas' various representatives, including its attorney when appropriate.

13. I initially believed that COT's accurately conveyed the provisions of the COT Declaration of Trust and would abide by the provisions thereof. I believed that the COT Declaration of Trust as amended in January 2007 included a provision within Section 6.01 that allowed COT to retain twenty percent of the death benefits of a participant who dies while participating in COT. However, I did not believe that the provision applied to Universitas'

circumstances because Mr. Spencer enrolled in COT prior to this alleged amendment, and COT never notified myself or anybody else about this alleged change in the Trust document.

14. Universitas also undertook the arbitration against COT and its affiliates in good faith. Universitas relied upon Mr. Bursey's affidavit and Mr. Robinson's declaration asserting that COT had the assets to satisfy a judgement against it. Had I known that the proceeds from Mr. Spencer's life insurance proceeds had already been disbursed and spent on things such as a vacation home for Daniel Carpenter, Universitas would have altered its litigation strategy and would likely have sought civil remedies against Carpenter and his affiliates sooner. Universitas likewise would have adopted a much different litigation strategy had I known that the money in dispute had been improperly conveyed and used for criminal purposes. Instead, the misrepresentations and continuing bad faith by Robinson (before his death), Carpenter, and the rest of their affiliates have forced us to engage in protracted litigation that eventually contributed to the dissolution of Destination Universitas.

15. The arbitration awarded Universitas a judgment against COT and its trustee, Nova Group, Inc. for $26,525,535.98.[1] Universitas' received this award on January 24, 2011, and the award remains largely unsatisfied.

16. Universitas' effort to enforce its judgement has caused Universitas to become involved in numerous cases across the country. Attached as **Exhibit A** is a list of cases wherein Universitas has made filings concerning its award.

17. The cost of this litigation has been high. To date, Universitas been billed for legal fees in excess of $10,000,000.

---

[1] This award was broadened during the subsequent litigation to confirm and enforce the award. The court provided Universitas with a money judgment on August 7, 2014. The money judgment is for $30,181,880.30, to account for interest on the unpaid judgment. The judgment is also enforceable against Daniel Carpenter and some of his companies, in addition to the original judgment debtors.

18. The judgment debtors and their affiliates have been recalcitrant and obstructive. To date, Universitas has recovered only $4,703,621.64 of its $30,181,880.30 judgment.

19. The judgment debtors' refusal to satisfy Universitas' judgment has caused Universitas hardship. Universitas has had difficulty paying the excessive legal fees accrued in trying to recover the proceeds from the Spencer policies, and this has led to disputes with former counsel regarding fees.

Dated: ~~New York, New York~~ West Palm Beach, Fla.
September 6, 2019

_____
Sharon E. Siebert

Sworn to me on this 6 day of September, 2019.

_____
Notary Public

DARLENE A. BROWN
MY COMMISSION # GG 213385
EXPIRES: May 11, 2022
Bonded Thru Notary Public Underwriters