**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------
| | |
|---|---|
| **UNIVERSITAS EDUCATION, LLC,** : | |
| Plaintiff, : | Case No. 14-mc-00125-RNC |
| : | |
| -against : | Hon. Robert N. Chatigny |
| : | |
| **NOVA GROUP, INC., et al.,** : | September 23, 2022 |
| Defendant. : | |
---------------------------------------------------

### REPLY IN SUPPORT OF MOTION TO VACATE
### AND/OR RELEASE CARPENTER FINANCIAL GROUP, INC.
### FROM CHARGING ORDER OF OCTOBER 27, 2015

Pursuant to Federal Rules of Civil Procedure Rule 60(b)(5), Petitioner and alleged Judgment Debtor Carpenter Financial Group, Inc. (hereinafter "CFG") respectfully submits this reply to Universitas's Response [Dkt 37] to CFG's Motion to Release CFG from and/or Vacate [Dkt 33] the October 27, 2015 Charging Order [Dkt 8]. In summary, the Motion to Vacate should be granted because: (1) CFG was not properly served – the law firm employee's affidavit stating documents were provided to Federal Express and the lack of documents establishing actual service by Federal Express indisputably establish this; (2) the judgment against Grist Mill Capital is satisfied under the One Satisfaction rule because Universitas's collections exceed the $11,140,000 Order; and (3) the charging order violated the three-year statute of limitations under ERISA. CFG would respectfully show the Court as follows:

### RESPONSE TO INTRODUCTION

Universitas begins by falsely representing to the Court on page 1 of the Response that the arguments in CFG's motion were made previously, hoping that this will persuade to give the Motion to Vacate short shrift. While Universitas does not dispute that Universitas's collections exceed the judgment amount, Universitas argues that equity somehow permits the Court to ignore

the One Satisfaction Rule. Universitas's argument fails because Universitas collected $12,000,000 on February 27, 2018 from WSFS Bank for Christiana Bank, which was the Insurance Trustee for the Charter Oak Trust [Dkt 33-5]; $4,487,007.81 on or about June 19, 2018 from the Grist Mill Trust [Dkt 33-6]; $900,333.61 from BPETCO [Dkt 33-7]; and $343,031.52 and $450,000 from USAA [Dkt 33-8, 33-9].

## RESPONSE TO FACTUAL BACKGROUND

Instead of addressing or asserting facts relevant to this Court's decision, Universitas instead begins its discussion on page 2 by demonizing Mr. Carpenter, and Universitas continues its harangue until page 5 of the Response. Notably, however, Universitas makes a number of false assertions. First, on page 2 and then again on page 6 of the Response [Dkt 37], Universitas falsely and intentionally asserts that Universitas was the beneficiary of the policies. In fact, the case cited by Universitas provides that the policies were placed into the Charter Oak Trust Welfare Plan (the "Plan") and that Universitas was named a beneficiary of the Plan. *Universitas Educ., LLC v. Nova Group, Inc.*, 784 F.3d 99, 100 (2d Cir. 2015). Of course, if Universitas wishes to continue to repeat and rely upon this falsehood (Universitas has intentionally made the same false statement in other courts), then Universitas is admitting that Universitas was not a beneficiary of the Plan and Universitas should never have received an arbitration award and judgment confirming the arbitration award, without which there should be no charging order.

On page 4, Universitas summarily concludes that the motion requesting a charging order and "relevant documents" were served upon CFG, and Universitas points this Court to Document #7 – the so-called "Affidavit of Service" by an employee of the law firm that represented Universitas. [Dkt 7] For simple reasons, Universitas avoids discussing the facts stated in the affidavit beyond this conclusory statement because the affidavit is insufficient to establish service

on CFG. While the affidavit was filed in this Court on October 16, 2015 and states the law firm employee deposited documents with Federal Express, there is nothing in the record establishing the documents were actually delivered – there is no actual proof of service and return of service. [Dkt 7] Additionally, Universitas fails to explain how depositing documents with Federal Express is proper service under federal law and Connecticut law.

On page 5 of the Response [Dkt 37], Universitas accurately states that Judge Swain rejected the argument that the judgment was required to be signed by Judge Swain. This is, however, not the whole truth – an appeal was filed in the Second Circuit regarding this ruling. It is undisputed that the order is not signed by Judge Swain. [Dkt 330-3] On page 6, Universitas takes issue with Judge Swain's March 31, 2020 order that dismisses Universitas's requests for entry of judgment. To be clear, Judge Swain wrote that if Universitas chose to file a motion:

> Any such motion must address the legal basis, if any, for the Court's exercise of personal jurisdiction over the non-party entities named in the above referenced letter motions, whether such a motion is the appropriate procedural mechanism by which the Court can enforce its Memorandum Order confirming the arbitration award in this case (Docket Entry No. 40) against non-parties to the underlying litigation, and whether such motion practice is consistent with the limitations of ancillary jurisdiction as described in *Peacock v. Thomas*, 516 U.S. 349 (1996), and the Court's order interpreting *Peacock* and denying Plaintiff's prior turnover motion in this case. See Docket Entry No. 545.

[Dkt 33-4] In other words, Universitas was instructed to not to file a motion unless Universitas could establish that Judge Swain's court had subject matter jurisdiction. Unsurprisingly, Universitas has not filed a new motion in Judge Swain's court.

3

**RESPONSE TO ARGUMENT**

On page 7 of its Response [Dkt 37], Universitas argues that there are no grounds for relief under Rule 60(b). While Universitas points to the challenge to the Southern District of New York judgment, Universitas ignores the fact that CFG was not properly served. Further, Universitas concludes that the $12 million payment by WSFS, the insurance trustee, should not be applied to the judgment, but the One Satisfaction Rule applies because Universitas is entitled to one payment for Universitas's injury – Universitas has been paid. Universitas's argument that it somehow inequitable for the $12 million Universitas was paid by WSFS to be applied against the judgment is truly hollow – the One Satisfaction Rule requires that the funds Universitas received by applied against the judgment.

**A.     Universitas's Comity Argument Lacks a Necessary Fact – CFG Is Not a Party in the Matter Before Judge Meyer.**

On page 8 of the Response, Universitas argues that this Court should abstain from addressing the One Satisfaction Rule on comity grounds. *Terket v. Lund*, 623 F.2d 29, 33 (7th Cir. 1980) (providing that courts should seek to avoid the "confusion and waste of time that might flow from putting the same issues before two courts at the same time."). Universitas omits a key point however – CFG is not a party to the case before Judge Meyer. Further, Universitas fails to point the documents filed in Judge Meyer's court where the One Satisfaction Rule is argued – so exactly where is the One Satisfaction Rule pending?

On page 10, Universitas argues that "certain entities" are liable for Universitas's attorneys' fees and that Mr. Carpenter has not paid for the attorneys' fees – critically, Universitas does not assert that CFG is responsible for Universitas's attorneys' fees. This argument is a red herring. In other words, what does some unidentified entities' potential liability for attorneys; fees have to do with CFG?

**B.     The One Satisfaction Rule Applies Because the WSFS Payment Is for "Common Damages.**

On page 11 of the Response [Dkt 37], Universitas admits that "the [$12 million] WSFS settlement was for breach of fiduciary duty for allowing Mr. Carpenter to steal $30.6 million." Universitas also admits on page 11 that the "one recovery rule" holds that a settlement from one defendant entitles other defendants to a corresponding credit against the judgment against them when the settlement and the judgment represent common damages. *See Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989). Here, the injury or damages Universitas claims are common – Universitas was not paid by the Plan after the Plan received the insurance policies proceeds. WSFS was the insurance trustee [Dkt 33-5], and Universitas sued WSFS because, in Universitas's own words, WSFS failed to stop Mr Carpenter. Obviously, these are "common damages."

Sensing the obvious – that the One Satisfaction Rule requires a $12 million credit against the judgment – Universitas tries to distract the Court with a discussion about the collateral source rule. The theory behind the collateral source rule is that a wrongdoer should not have the benefit of insurance independently procured by the injured party, and to which the wrongdoer was not privy. *See* Restatement (Second) of Contracts § 347 cmt. e. The collateral source rule, rooted in New York's common law, provides, as a general rule, that an injured plaintiff's damages should not be mitigated or reduced based on payments the injured plaintiff received from a source wholly independent of and collateral to the wrongdoer. *See Healy v. Rennert*, 9 N.Y.2d 202, 173 N.E.2d 777, 213 N.Y.S.2d 44 (1961); *Rutzen v. Monroe Cty Long Term Care Program, Inc*., 104 Misc. 2d 1000, 1001, 429 N.Y.S.2d 863, 864 (Sup. Ct. 1980); *see also Applehead Pictures LLC v. Perelman*, 80 A.D.3d 181, 191, 913 N.Y.S.2d 165, 173 (1st Dep't 2010) (stating: "The 'collateral source rule' requires the tortfeasor to bear the full cost of the injury he or she has caused regardless of any benefit the victim has received from an independent or 'collateral' source") (citations

5

omitted). "In New York, the [collateral source] doctrine has been limited to collateral payments from disability compensation, pension funds, retirement allowance or insurance which is procured by the injured party." *In re Emergency Beacon Corp.*, 48 B.R. 341, 350 (S.D. N. Y Bktcy. 1985) (citing *Szybura v. City of Elmira*, 28 A.D.2d 1154, 1155, 284 N.Y.S.2d 190, 192 (3rd Dep't 1967)).

On page 12, Universitas quotes *Doe v. Darien Bd. of Educ.*, No. 3:11cv1581 (JBA), 2015 U.S. Dist. LEXIS 158261, at *6-*7 (D. Conn. Nov. 24, 2015) for the statement that "A 'collateral source' is usually defined as a payment that is independent of the defendant and one that the defendant played no part in creating." (cit. omitted). While Universitas accurately quotes this sentence, Universitas intentionally omits the very next sentence in this opinion: "Typically, the doctrine applies to such independent sources as insurance policies maintained by plaintiff or an innocent third party, employment wages and benefits, gratuities, social security benefits, and welfare payments." *Doe v. Darien Bd. of Educ.*¸ at *7 (quoting *N. Atl. Fishing, Inc. v. Geremia*, 153 B.R. 607, 611 (D.R.I. 1993)).

Here, WSFS was not an insurer and WSFS was not paying Universitas pursuant to an insurance policy and Universitas offers no evidence that WSFS was an insurer or some other type of "collateral source"; instead, WSFS was an insurance trustee. The collateral source rule is inapplicable, and, contrary to Universitas's argument on page 13, is not a windfall for Mr. Carpenter (who, again, is not a party) or CFG. Significantly, moreover, if Universitas was the "Beneficiary" of the Charter Oak Trust Welfare Benefit Plan (the "Plan") and Christiana Bank (WSFS) was the Trustee of the Plan, then the Plan was in fact a benefit plan covered by ERISA's extended reach. But, of course, this Court realizes that the United States Supreme Court's decision in *Peacock v. Thomas* is based upon the famous Connecticut opinion, *H.C. Cook v. Beecher*, 217 U.S. 497 (1910).

**C.     Universitas Fails to Provide the Necessary Support of its Res Judicata or Issue Preclusion.**

On page 14 of its Response [Dkt 37], Universitas argues that CFG's argument is barred by res judicata or issue preclusion. Universitas asks this Court to presume that CFG is in privity with Mr. Carpenter and provides no supporting evidence. Further, CFG is not a party to the motion that is the subject of Judge Swain's denial that Universitas points to. *Universitas Educ., LLC v. Nova Grp., Inc.*, 2021 U.S. Dist. LEXIS 185733 (S.D. N.Y 2021).

CFG is arguing that the registered judgment was required to be signed by Judge Swain. [Dkt 33-1] While Judge Swain rejected this argument, as stated above this issue is being appealed. In summary, Rule 58 of the Federal Rules of Civil Procedure limits a clerk's authority to execute judgments without the Court's approval. FED. R. CIV. P. 58(b)(2). The judgment document that Universitas registered is not signed by Judge Swain. [Dkt 1] Additionally, the registered judgment contained more than an award of costs and a sum certain, as the registered judgment: (1) denied the request for permanent injunction, (2) denied the request for equitable relief, (3) terminated the temporary injunction; and (4) denied the request to modify the temporary injunction. [Dkt 1] Judge Swain's signature was required as a result. FED. R. CIV. P. 58(b)(2).

**D.     Universitas Is Misstating CFG's Arguments.**

On page 16 of the Response [Dkt 37], Universitas asserts that CFG is attacking the judgment entered by Judge Swain. Yes, the lack of Judge Swain's signature on the registered judgment is being argued (which is, again, the subject of an appeal and must be raised in this Court so that this issue is properly presented should the Second Circuit disagree with Universitas and Judge Swain while this motion is pending and Universitas failed to provide the Court with the factual necessary support for Universitas's res judicata and issue preclusion argument). However, contrary to Universitas's argument, CFG is not arguing that Judge Swain lacked subject matter,

7

but is instead arguing that this Court lacked subject matter jurisdiction. Further, Universitas argues that Judge Swain has ruled on the statute of limitations and One Satisfaction Rule issues – notably, Universitas wholly fails to point this Court to where Judge Swain made such rulings.

**E.     Universitas Fails to Establish That This Court Has Jurisdiction.**

On page 17, Universitas first argues that this Court has ancillary jurisdiction. Universitas ignores this language from *Peacock* that affirmatively eviscerates Universitas's argument*:*

> We have never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment. Indeed, we rejected an attempt to do so in *H.C. Cook Co. v. Beecher*, 217 U.S. 497, 30 S.Ct. 601, 54 L.Ed. 855 (1910).

*Peacock v. Thomas*, 516 U.S. 349, 357–58 (1996). Universitas's reliance upon *Epperson* is also misplaced, as *Epperson* involved a fraudulent transfer claim that was held to be within the scope of ancillary jurisdiction. *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100, 106 (2nd Cir. 2001). This is not a fraudulent transfer case. Instead, because this is a "post-judgment proceeding[] to collect an existing judgment and proceedings, such as claims of alter ego liability and veil-piercing, that raise an independent controversy with a new party in an effort to shift liability" ancillary jurisdiction is not present. *Epperson*, 242 F.3d at 106.

Next, Universitas takes a stab at diversity jurisdiction on page 17. Satisfaction of the requirement of diversity is "determined as of the date that suit is filed - the 'time-of-filing' rule." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc*., 166 F.3d 59, 62 (2d Cir. 1999). Universitas points to a March 4, 2013 unpublished opinion issued on March 4, 2013 for support that Universitas and its members are New York residents. *Universitas Educ., LLC v. Nova Group, Inc*., 513 Fed. Appx. 62, 63 (2nd Cir. 2013).  This is wholly inadequate support – Universitas filed the registered judgment 20 months later on November 6, 2014. [Dkt 1]

8

At the bottom of page 17, Universitas also points to an "Exhibit 4" as evidence of CFG's citizenship for diversity purposes, but this exhibit is not attached to Universitas's Response. In conclusion, Universitas failed to establish that this Court has subject matter jurisdiction.

**F.     CFG Was Not Properly Served with Process for Multiple Reasons.**

On page 18, Universitas concludes by arguing that CFG was properly served with process. Where is the summons addressed to CFG? *See* FED. R. CIV. P. 4. It isn't on the Court's docket.

How was CFG "served" – by an employee of Universitas's law firm? Where does federal law or Connecticut law permit this? Rule 4 permits a person that is not a party to serve a summons, and a party's law firm employee may not serve the subpoena.

Where's the proof of service? The law firm employee affidavit states documents were provided to Federal Express. [Dkt 7] Proof of service must be filed. FED. R. CIV. P. 4(l). Where's the proof of delivery by Federal Express – it isn't attached to the law firm employee affidavit. [Dkt 7]

**G.     Statute of Limitations.**

As this Court is aware, Judge Scheindlin held in 2015 that Universitas's claims against another third-party, TD Bank, N.A., were barred by multiple statutes of limitations. *Universitas Education, LLC v. T.D. Bank, N.A.*, 15-cv-5643 (SAS), 2015 U.S. Dist. LEXIS 170264, 2015 WL 9304551 (S.D. N. Y. Dec. 21, 2015) (filed in this case at Dkt. 17, Exh 2). Because CFG cannot do a better job than Judge Scheindlin of explaining the various statute of limitations violations by Universitas in this case, CFG defers to Judge Scheindlin's decision. [Dkt 17, Exh. 2] As for the ERISA three-year statute of limitations issue, the Plan was the subject of a DOL raid in May of 2011, whereby the DOL stated that it had jurisdiction because the Charter Oak Trust Welfare Benefits Plan was in fact an ERISA plan and thus subject to ERISA's requirements. Universitas's

arguments to the contrary are clearly unavailing as the unlawful DOL raid on May 26, 2011 is subject to yet another appeal by the Government to the Second Circuit of Judge Underhill's rulings in Mr. Carpenter's favor. *See Carpenter v Allen*, Case No. 22-1057 (2nd Cir. 2022).

## CONCLUSION

WHEREFORE, because the Petitioner has received through payments, along with the settlements from various other Judgment Debtors and Third Parties, more than the full amount of the $11,140,000 Charging Order, and that through the Second Circuit's "One Satisfaction Rule," any claims on CFG have now been satisfied, CFG moves this Court to release CFG from and/or vacate, the October 27, 2015 Charging Order be dissolved and/or vacated by this Court.

Dated: September 23, 2022                    Respectfully Submitted
                                             Carpenter Financial Group, Inc.,

                                             By:  */s/ Jonathan J. Einhorn*_____
                                             JONATHAN J. EINHORN
                                             129 WHITNEY AVENUE
                                             NEW HAVEN, CT 06510
                                             FEDERAL BAR NO. ct00163
                                             EINHORNLAWOFFICE@GMAIL.COM


## CERTIFICATION

I hereby certify that on this 23rd day of September, 2022, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.


                                             By: */s/ Jonathan J. Einhorn*
                                             JONATHAN J. EINHORN